Citation Nr: 1829742 
Decision Date: 07/25/18 Archive Date: 08/02/18

DOCKET NO. 14-43 031 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Des Moines, Iowa


THE ISSUES

1. Entitlement to service connection for hearing loss.

2. Entitlement to service connection for tinnitus.


REPRESENTATION

Veteran represented by: Military Order of the Purple Heart of the U.S.A.


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Amanda Baker, Associate Counsel

INTRODUCTION

The Veteran served on active duty from June 1978 to June 1982 with additional Reserve service.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a March 2014 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Des Moines, Iowa.

In June 2016, the Veteran was afforded a Board videoconference hearing before the undersigned Veterans Law Judge. A transcript of the hearing is associated with the claims file. The undersigned granted the request to hold the record open for 60 days to allow the submission of additional evidence. To date, no additional evidence has been submitted in support of the claims.


FINDINGS OF FACT

1. The Veteran's current bilateral hearing loss did not have onset during his active service, was not caused by his active service and did not manifest within one year of separation from active service.

2. The Veteran's current tinnitus did not have onset during his active service, was not caused by his active service and did not manifest within one year of separation from active service.


CONCLUSIONS OF LAW

1. The criteria for service connection for hearing loss have not been met. 38 U.S.C. §§ 1101, 1110, 1112 (2012); 38 C.F.R. § 3.102, 3.303, 3.307, 3.309(a) (2017).

2. The criteria for service connection for tinnitus have not been met. 38 U.S.C. §§ 1101, 1110, 1112 (2012); 38 C.F.R. § 3.102, 3.303, 3.307, 3.309(a) (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

With respect to the Veteran's claims herein, VA has met all statutory and regulatory notice and duty to assist provisions. See generally, 38 U.S.C. §§ 5103, 5103A (2012); 38 C.F.R. § 3.159, 3.326 (2017).

The Veteran contends that he developed bilateral hearing loss and tinnitus due to excessive noise exposure while serving in the military. At the June 2016 hearing, he reported an onset of tinnitus symptoms during the end of his service.

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C. § 1131 (2012); 38 C.F.R. § 3.303(a) (2017). "To establish a right to compensation for a present disability, a Veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service"- the so-called "nexus" requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

Certain chronic diseases, including sensorineural hearing loss and tinnitus, may be presumed to have been incurred in or aggravated by service if manifest to a compensable degree within one year of discharge from service, even though there is no evidence of such disease during service. 38 U.S.C. §§ 1101, 1112 (2012); 38 C.F.R. §§ 3.307, 3.309(a) (2017). 

A hearing loss disability is defined for VA compensation purposes with regard to audiological testing involving puretone frequency thresholds and speech discrimination criteria. 38 C.F.R. § 3.385 (2017). For purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies of 500, 1,000, 2,000, 3,000, or 4,000 Hertz (Hz) is 40 decibels (dB) or greater; or when the auditory thresholds for at least three of the frequencies of 500, 1,000, 2,000, 3,000, or 4,000 Hz are 26 dB or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. Id. 

The Veteran testified that his military occupational specialty (MOS) was a cook. He reported that he did not wear hearing protection during training in service. He testified that while serving aboard a ship, he was exposed to artillery firing and aircraft carrier noise on the flight deck and that his berthing compartment was near the fantail so he was exposed to the noise from planes landing. He reported occasional use of ear plugs for hearing protection. The Veteran stated that he was within 50 feet of airplanes and helicopters during takeoff and landing, and was exposed to screeching noises from catapults. 

A March 2014 VA examination reflects that the Veteran has a current diagnosis of bilateral sensorineural hearing loss. Speech recognition scores were 92 percent in the right ear and 94 percent in the left ear. He reported tinnitus symptoms. The Board notes that although a diagnosis of tinnitus was not provided, the Veteran is competent to provide lay evidence of tinnitus as this condition is observable by his own senses. See Charles v. Principi, 16 Vet. App. 370, 374 (2002). Thus, these diagnoses satisfy the first element of a service connection claim.

Service treatment records do not contain complaints of or diagnosis for hearing loss or tinnitus. On June 1978 entrance, an audiometer tests revealed puretone thresholds of 15, 5, 5, 5, and 5 dB in the right ear, and 15, 10, 10, 5, and 5dB in the left ear at the 500, 1000, 2000, 3000, and 4000 Hertz levels, respectively. In the report of medical history, the Veteran marked "No" to having hearing loss or ear, nose, or throat trouble. Clinical evaluation of the ears was normal. The claims file does not contain a separation examination report. 

The claims file does not contain any post-service treatment records for hearing loss or tinnitus symptoms.

The Veteran was afforded a VA examination in March 2014. The examiner indicated review of the claims file and opined that the Veteran's current hearing loss is not related to or caused by military service. As rationale, the examiner stated that there was no documentation of hearing loss during service and the Veteran reported working as a cook. As for tinnitus, the Veteran reported an onset of symptoms 10 to 20 years prior. The examiner attributed tinnitus to his hearing loss, not service, because tinnitus is known to be a symptom associated with hearing loss.

At the June2016 hearing, the Veteran testified that his hearing loss and tinnitus symptoms started during service and have gradually worsened. He stated that he never sought professional treatment, or told anyone, about such symptoms. When questioned about the inconsistent statement he made to the March 2014 VA examiner, that his tinnitus had an onset 10 to 20 years prior, the Veteran categorized his statement as a "figure of speech" and explained that he chose the timeframe because it was the first number that popped in his head. He reported working in the kitchen of a theme park and at a county hospital after service.

The Board finds that the preponderance of evidence weighs against the claims for service connection for hearing loss and tinnitus. At the outset, the preponderance of evidence is against a finding that the Veteran's hearing loss and tinnitus manifested itself to a degree of disability of 10 percent or more within a year of his discharge from service in 1971. The one-year presumption for sensorineural hearing loss and tinnitus under 38 C.F.R. §§ 3.307 and 3.309 is therefore not helpful. The Veteran did not complain of hearing loss or tinnitus symptoms during service. At the June 2016 hearing, he indicated that he did not seek any professional treatment for his symptoms until present. These facts, together with the long period of time following service prior to any documented statement or medical evidence regarding hearing loss or tinnitus are probative evidence against presumptive service connection for both claims. 

Although the presumptive paths for establishing service connection are not available for the Veteran's disabilities, the claims could be granted if the three elements of direct service connection are shown by an equipoise standard of evidence. See Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994).

As for service connection on a direct basis, the March 2014 VA examiner's opinion is the most probative evidence of record as to whether the Veteran's current hearing loss and tinnitus disabilities are related to active duty. The examiner's rationale is logical, well-reasoned, and thorough, and based on consideration of the entire record, to include the Veteran's reported history and service treatment records. The examiner's opinion that the Veteran's hearing loss and tinnitus symptoms are not caused by his active service is consistent with the many years, in this case approximately 30 years, between when his active service ended and when hearing loss and tinnitus were first documented during the March 2014 VA examination. There are no contradictory opinions of record. Notably, at the June 2016 hearing, the Veteran's representative requested that the record be held open for submission of additional evidence in support of the claims, to include a medical opinion. The undersigned granted this request. However, the Veteran nor his representative submitted additional evidence. Relevant law and regulations do not provide for the grant of service connection in the absence of competent evidence linking a current disability to service. The Board is satisfied that the VA audiologist's opinion is adequate for deciding this appeal.

To the extent the Veteran claims that he has had continuous hearing loss and tinnitus symptoms since service that have gradually worsened, he is competent to do so. However, the Veteran's statements regarding the onset of hearing loss and tinnitus symptoms are not credible due to his inconsistent statements, and inconsistency with other evidence of record. Service treatment records are absent for notation of a hearing loss or tinnitus disability, to include complaints. The Veteran did not seek treatment for either disability until 2014 when he was afforded a VA examination. At the March 2014 VA examination, he claimed that tinnitus started 10 to 20 years prior. Then, at the June 2016 hearing, when questioned by the undersigned he reported tinnitus symptoms began during service. 

Therefore, considering these inconsistent statements, the Board finds that the Veteran's statements as to the onset and continuity of symptoms not credible. Although the claims file is devoid of a date of onset for his disabilities, the first evidence hearing loss and tinnitus symptoms was during the March 2014 VA examination. Accordingly, the Board does not find the Veteran's recollection that he has had continuous symptoms since active service credible.

The Board must conclude that the weight of the evidence is against the claims of service connection for hearing loss and tinnitus. See 38 U.S.C. § 1131; 38 C.F.R. § 3.303. Because the preponderance of the evidence is against the Veteran's claims, the benefit-of-the-doubt provision does not help the Veteran. See Ortiz v. Principi, 274 F. 3d 1361 (Fed. Cir. 2001); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Accordingly, the Board concludes that service connection for hearing loss and tinnitus is not warranted.


ORDER

Entitlement to service connection for hearing loss is denied.

Entitlement to service connection for tinnitus is denied.



____________________________________________
JAMES G. REINHART
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs